AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Delaware



In the Matter of the Search of

*(Briefly describe the property to be searched*
*or identify the person by name and address)*

The contents of computer files associated with
Google accounts ▮▮▮▮▮▮▮▮▮"
and ▮▮▮▮▮▮▮▮ currently located
at Delaware ICAC, 600 S. Bay Rd, Dover, DE 19904

)
)
)
)
)

Case No. 23-250M

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ Delaware _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(1); | Transportation of Child Pornography; |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Randy Mullins*

*Applicant's signature*

Randy Mullins, Special Agent, OSI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date: June 2, 2023

*Christopher J. Burke*

*Judge's signature*

City and state: Wilmington, DE

Christopher J. Burke, U.S. Magistrate Judge

*Printed name and title*



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN THE MATTER OF THE SEARCH OF   )
The contents of computer files associated with  )
Google accounts ▮▮▮▮▮▮▮       )
and ▮▮▮▮▮▮▮▮      currently located  )    Case No. 23-250M
at Delaware ICAC, 600 S. Bay Rd, Dover, DE   )
19904                       )    **Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF AN
### APPLICATION UNDER RULE 41 FOR A
### WARRANT TO SEARCH AND SEIZE

I, Randy Mullins, a Special Agent with the United States Air Force Office of Special Investigation ("OSI"), Dover, Delaware, being duly sworn, depose and state as follows:

### INTRODUCTION AND BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the contents of computer files associated with Google accounts ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮ (hereinafter, the "SUBJECT ITEMS"), more fully described in Attachment A, for the things described in Attachment B. Attachments A and B are incorporated herein by reference.

2.     I am a Special Agent ("SA") with OSI and a credentialed Federal Agent authorized to investigate violations of the Uniform Code of Military Justice, as well as violations of State and Federal laws where a military nexus exists. I have served with OSI since September 2016 and as a Special Agent since January 2019. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program, the United States Air Force Special Investigations Academy, the Sex Crimes Investigations Training Program, and the National Criminal Justice Training Center Undercover Concepts and Techniques. I graduated from the

1

Community College of the Air Force, where I received an associate degree in Criminal Justice. I have served in multiple capacities as a Special Agent and have completed tours as a field level Special Agent, supervisory roles, protective service officer, and counterintelligence Special Agent.

3.      I currently assist the Delaware Internet Crimes Against Children Task Force (the "Delaware ICAC") with investigations where a military nexus exists.  I have experience in numerous investigative disciplines to include child exploitation, child sexual abuse, various adult sex crimes, cyber-based investigations, financial crimes, narcotics investigations, fraud, and espionage.  I have received substantial training related to child exploitation, narcotics trafficking, online undercover operations, interviewing techniques, surveillance and counter-surveillance techniques, and multiple other criminal investigator-related facets.

4.      As a federal agent, I am authorized to investigate violations of laws of the United States, including Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B), and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

5.      As discussed in more detail below, there is probable cause to believe that in May 2023, Google accounts ███████████████ and ███████████████ uploaded child pornography to a Google Photos account (i.e. the SUBJECT ITEMS).  Google subsequently flagged the account as containing child pornography and submitted a Cybertip to the National Center for Missing and Exploited Children ("NCMEC").  Such action would violate Title 18, United States Code, Sections 2252A(a)(1) (Transportation of Child Pornography) and 2252A(a)(5)(B) (Possession of Child Pornography) (the "SPECIFIED FEDERAL OFFENSES").  There is thus probable cause to believe that the SUBJECT ITEMS contain contraband and/or evidence, fruits, and instrumentalities of violations of the SPECIFIED FEDERAL OFFENSES.

2

6.      This affidavit is made in support of an application for a search warrant to open and view the SUBJECT ITEMS, described more fully below and in Attachment A, all of which were voluntarily provided by Google as part of the cybertip.

7.      The statements contained in this affidavit are based in part on information and reports provided by U.S. federal law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals, and my experience, training, and background as a Special Agent. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of the violations of the SPECIFIED FEDERAL OFFENSES are located within the SUBJECT ITEMS.  I have not, however, knowingly withheld any fact necessary to a determination of probable cause.

## SPECIFIED FEDERAL OFFENSES

8.      As noted above, this investigation concerns alleged violations of the following:

- Title 18, United States Code, Sections 2252A(a)(1) prohibits a person from knowingly mailing, transporting, or shipping any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer.

- Title 18, United States Code, Sections 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view any material that contains an

3

image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

9.      The following definitions apply to this Affidavit and Attachment B:

•       "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image of picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

•       "Cloud-based storage service," as used herein, refers to a publicly accessible, online storage provider that collectors of depictions of minors engaged in sexually explicit conduct can use to store and trade depictions of minors engaged in sexually explicit conduct in larger volumes. Users of such a service can share links and associated passwords to their stored files with other traders or collectors of depictions of minors engaged in sexually explicit conduct in order to grant access to their collections. Such services allow individuals to easily access these files through a wide variety of electronic devices such as desktop and laptop computers, mobile phones, and tablets, anywhere and at any time. An individual with the password to a file stored on a cloud-

4

based service does not need to be a user of the service to access the file.  Access is free and readily available to anyone who has an Internet connection.

• "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, tablets, and mobile phones and devices. See 18 U.S.C. § 1030(e)(1).

• A "hash value" (or "hash ID") is a unique multi-character number that is associated with a computer file. Some computer scientists compare a hash value to an electronic fingerprint in that each file has a unique hash value. Any identical copy of the file will have exactly the same hash value as the original, but any alteration of the file, including even a change of one or two pixels, would result in a different hash value. Hash values represent large amounts of data as much smaller numeric values, so they are used with digital signatures.

• The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

• "Internet Protocol address" or "IP address," as used herein, refers to a unique number used by a computer or other digital device to access the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer or device accessing the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer or device may be directed properly from its source to its destination. Most Internet Service Providers (ISPs) control a range of IP addresses. IP addresses

5

can be "dynamic," meaning that the ISP assigns a different unique number to a computer or device every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. ISPs typically maintain logs of the subscribers to whom IP addresses are assigned on particular dates and times.

- "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

- "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

- "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

- A "storage medium" is any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

- "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## ELECTRONIC AND INTERNET SERVICE PROVIDERS

10.     I know based on my training and experience, that Electronic Service Providers

("ESP") and/or Internet Service Providers ("ISP") (collectively referred to herein as ISPs) typically monitor their services utilized by subscribers. To prevent their communication networks from serving as conduits for illicit activity and pursuant to the terms of user agreements, ISPs routinely and systematically attempt to identify suspected depictions of minors engaged in sexually explicit conduct that may be sent through its facilities.  Commonly, customer complaints alert them that an image or video file being transmitted through their facilities likely contains suspected depictions of minors engaged in sexually explicit conduct.

11.     When an ISP receives such a complaint or other notice of suspected depictions of minors engaged in sexually explicit conduct on the platform, they may employ a "graphic review analyst" or an equivalent employee to open and look at the image or video file to form an opinion as to whether what is depicted likely meets the federal criminal definition of depictions of minors engaged in sexually explicit conduct found in 18 USC § 2256, which is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where: (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.  If the employee concludes that the file contains what appears to be depictions of minors engaged in sexually explicit conduct, a hash value of the file can be generated by operation of a mathematical algorithm. A hash value is an alphanumeric sequence that is unique to a specific digital file. Any identical copy of the file will have exactly the same hash value as the original, but any alteration

7

of the file, including even a change of one or two pixels, results in a different hash value. Consequently, an unknown image can be determined to be identical to an original file if it has the same hash value as the original. The hash value is, in essence, the unique fingerprint of that file, and when a match of the "fingerprint" occurs, the file also matches.

12.    ISPs typically maintain a database of hash values of files that they have determined to meet the federal definition of depictions of minors engaged in sexually explicit conduct found in 18 USC § 2256. The ISPs typically do not maintain the actual suspect files themselves; once a file is determined to contain suspected depictions of minors engaged in sexually explicit conduct, the file is deleted from their system.

13.    The ISPs can then use Image Detection and Filtering Process, Photo DNA, or a similar technology, which compares the hash values of files embedded in or attached to transmitted files against their database containing what is essentially a catalog of hash values of files that have previously been identified as containing suspected depictions of minors engaged in sexually explicit conduct.

14.    When the ISP detects a file passing through its network that has the same hash value as an image or video file of suspected depictions of minors engaged in sexually explicit conduct contained in the database through a variety of methods, the ISP reports that fact to the NCMEC via the latter's CyberTipline. By statute, an ISP has a duty to report to the NCMEC any apparent depictions of minors engaged in sexually explicit conduct it discovers "as soon as reasonably possible." 18 U.S.C. § 2258A(a)(1). The CyperTip line report transmits the intercepted file to the NCMEC. Often, that occurs without an ISP employee opening or viewing the file because the file's hash value, or "fingerprint," has already been associated to a file of suspected depictions of minors engaged in sexually explicit conduct. The ISP's decision to report a file to the NCMEC is

8

often made solely on the basis of the match of the unique hash value of the suspected depictions of minors engaged in sexually explicit conduct to the identical hash value in the suspect transmission.

15.     Most ISPs keep subscriber records relating to the IP address they assign, and that information is available to investigators.  Typically, an investigator has to submit legal process (e.g. subpoena or search warrant) requesting the subscriber information relating to a particular IP address at a specific date and time.

## PROBABLE CAUSE

16.     On or about May 30, 2023, OSI received a cybertip from the NCMEC. The cybertip was initiated by Google and reported that the Google accounts ███████████████ and ████████████████ uploaded 64 files, 28 of which Google categorized as containing or displaying apparent child pornography.

17.     According to Google, the files were uploaded on or about May 10, 2023 via IP addresses        216.131.72.162;        2600:4040:716f:1900:8165:d644:37bc:914a; 2607:fb91:bd0c:895f:ac39:82f1:4fe1:c530;    and    2607:fb91:bd29:fab0:ac39:82f1:676e:5ff7. Google flagged the files as containing apparent child pornography pursuant to matching Hash IDs that constitute known child pornography. Three files with known Hash IDs were (MD5 # 8e3d0fdcd328cb1f27e89b5e37ba685e; MD5 # 1869a40ee268a960c7d7f727961538de; MD5 # e66391848b54e02214d249f22588ca0b).

18.     According to Google, the phone number associated with the accounts was ████████████ Based upon the IP address location and the phone number, it was ascertained that the violations likely occurred in Delaware, and were likely associated with Air Force Chief Master Sergeant Paul Michael Wilcox, who was stationed at Dover Air Force Base at the time of

the cybertip. The phone number associated with the cybertip is the same phone number the Air Force has on file for Chief Master Sergeant Wilcox. Additionally, he provided the same phone number to the Dover Air Force Base middle school in February 2022 for an incident involving his daughter.

19.     A hash value is akin to a fingerprint for a digital file. The contents of a file are processed through a cryptographic algorithm, and a unique numerical value— the hash value—is produced that identifies the unique contents of the file. If the contents are modified in any way, including the alteration of a single pixel within the file, which would not likely be detected by the human eye, the value of the hash will also change. I know from my training and experience that the chances of two files with different content having the same hash value are infinitesimal.

20.     In summary, and based on the facts detailed above, there is probable cause to believe that the SUBJECT ITEMS are files known to contain child pornography. Based on my training and experience, because hash values act as digital fingerprints, there is probable cause to believe that the SUBJECT ITEMS contain child pornography, based on the fact that files with the SUBJECT ITEMS have the same Hash IDs as other known child pornography files. Google believed files within the SUBJECT ITEMS depict child pornography as well, which is why they sent the SUBJECT ITEMS—along with the report and Hash IDs—to law enforcement. Google viewed five of the 64 files but did not open the remaining files in the SUBJECT ITEMS. This warrant thus seeks authorization to search the SUBJECT ITEMS to view all files suspected of containing apparent child pornography.

21.     Because the files are in law enforcement custody, there is good cause to exercise this warrant at any time of the day or night.

10

## CONCLUSION

22.     Based on the foregoing information, I have probable cause to believe that contraband, evidence, fruits, and instrumentalities of violations of the SPECIFIED FEDERAL OFFENSES as set forth herein and in Attachment B are currently contained in the SUBJECT ITEMS, more fully described in Attachment A.  I therefore respectfully request that a search warrant be issued authorizing a search of the SUBJECT ITEMS for the items described above and in Attachment B, and authorizing the seizure and examination of any such items found therein.

_/s/ Randy Mullins_
Special Agent Randy Mullins
Air Force Office of Special Investigations

Sworn to me over the telephone and signed by me pursuant to
Fed. R. Crim. P. 4.1 on this 2nd     day of June, 2023.

_Christopher J. Burke_
Honorable Christopher J. Burke
United States Magistrate Judge

11

## **ATTACHMENT A**

### **PROPERTY TO BE SEARCHED**

The property to be searched are computer files associated with Google accounts  and                               that were provided by Google to the

National Center for Missing and Exploited Children  on May 10, 2023.

The files are currently located on a secured shared network drive at the Delaware ICAC

office located at 600 S. Bay R., Dover, Delaware 19904.

12

**ATTACHMENT B**

**PROPERTY TO BE SEIZED**

Any and all files containing a visual depiction of a minor engaged in sexually explicit conduct, as described in 18 U.S.C. § 2256, nude pictures, and modeling, that constitute contraband, evidence of the commission of, the fruits of, or instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(1) (Transportation of Child Pornography) and Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) ("the SPECIFIED FEDERAL OFFENSES"), including:

1.      Images or visual depictions of child pornography;

2.      Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to child pornography, or sexual activity associated with sexual interest in minors;

3.      Any and all information, documents, records, photos, still-frames, videos, or correspondence, in any format or medium, pertaining to use or ownership of the file(s), or that aid in the identification of persons involved in violations of the SPECIFIED FEDERAL OFFENSES;

4.      Evidence of the distribution or possession of images depicting child pornography and/or minors engaging in sexually explicit conduct; and

5.      Any communication, information, picture, video, or documentation that identifies the user of the account or that indicates a sexual interest in children.

13